**Ex parte HATEM.**
No. 5557.

Circuit Court of Appeals, Sixth Circuit.
Feb. 14, 1930.

John W. Dugan, of New Lexington, Ohio, and Charles M. Earhart, of Columbus, Ohio (Emerson C. Wagner, of New Lexington, Ohio, on the brief), for appellant.

Charles S. Druggan, of Columbus, Ohio, and Joseph L. Meenan, of New Lexington, Ohio, for appellee.

Before MOORMAN and HICKENLOOPER, Circuit Judges, and ANDERSON, District Judge.

PER CURIAM.

Petitioner was tried and convicted of a violation of the state prohibition laws, before a justice of the peace authorized to assume jurisdiction in such cases under the statutes and conditions so strongly condemned by Mr. Chief Justice Taft in the case of Tumey v. Ohio, 273 U. S. 510, 47 S. Ct. 437, 71 L. Ed. 749, 50 A. L. R. 1243. The statutes creating jurisdiction and the procedure employed thereunder having been held unconstitutional in that case, we are of the opinion that a writ of habeas corpus was the appropriate remedy, unless the action of the justice of the peace fully removed the constitutional objections in the present case.

Section 13499 of the General Code of Ohio provides: "When the offense charged is a misdemeanor the magistrate, before issuing the warrant, may require the complainant, or, if he considers the complainant irresponsible, may require that he procure a person to become liable for the costs if the complaint be dismissed * * *. Such bond shall not be required of a sheriff, deputy sheriff, constable, marshal, deputy marshal, watchman or police officer, when in the discharge of his official duty."

The complaint was filed by one Deavers, a constable attached to the court of the presiding justice of the peace. Upon being advised that the filing of a complaint was contemplated and that the defendant would in all probability plead "not guilty," the justice of the peace stated that the case could not be heard unless costs were secured. Accordingly, the constable and one H. F. Teal, a state prohibition enforcement agent, signed a document reading: "We hereby acknowledge ourselves responsible for the costs in this action, in case the complaint in the same be dismissed." This document was filed with the papers of the case,

which was then docketed. The sole question is whether this procedure, which was perhaps available under, but not required by, section 13499, removed the element of unconstitutionality in the present case, and purged it of the effect of the Tumey Case.

We are of the opinion that it did not. The interest of the presiding justice of the peace, founded upon the fact that his only compensation consists of costs collected, which are not paid by the state in event of acquittal, would not seem to be destroyed by the undertaking of· an officer of his own court, even though financial responsibility were shared by a state prohibition enforcement agent. Whether constitutional objection would be removed were complaint made and bond given by one wholly disconnected with the magistrate's court, we need not here and now decide. It is sufficient that these officers were connected with the court, that no bond was required of them by statute, and that, by bringing their cases in that court, they served to increase an otherwise lower earning capacity of the magistrate. The bond was obviously required only to provide a colorable means of avoiding the effect of the Tumey Case. It is not therefore irrational to assume that the bond was given as by a friendly volunteer, by whom no ultimate liability was contemplated, and upon whom the justice of the peace might well hesitate to impose such liability for a kindly act of evasion.

We are therefore of the opinion that the judgment of the District Court should be affirmed upon the authority of Tumey v. Ohio, supra.